IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EDWIN MUÑOZ and ROSA MUÑOZ, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 6:20-cv-00919 |
| THE UNITED STATES OF AMERICA | § § § § § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiffs Edwin Muñoz and Rosa Muñoz, file this Original Complaint for damages against the United States of American under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§2671, *et seq.,* for violations of Texas law committed by the employees of the United States Army Corps of Engineers (the "Corps") while in the course and scope of their employment and for causes of action show as follows:

## PARTIES

1. Plaintiff Edwin Munoz is an adult citizen of the United States and is a resident of Ellis County.

2. Plaintiff Rosa Muñoz is an adult citizen of the United States and is a resident of Ellis County.

3. The United States of America is sued pursuant to 28 U.S.C. §2674. The United States may be served by delivering a copy of the summons and of this complaint by registered or

certified mail to: Civil-Process Clerk, United States Attorney's Office, Western District of Texas, 800 Franklin Avenue, Suite 280, Waco, Texas 76701; and to William Barr, United States Attorney General, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1346(b), this Court has exclusive or original jurisdiction of Plaintiffs' claims against the United States. On November 22, 2019, Plaintiffs presented their claims in writing to the Corp. On May 21, 2020, Plaintiffs were notified via letter that their claims were denied. Thus, since Plaintiffs' claims have been administratively denied they are ripe for adjudication in this Court and are brought within 6 months of said denial.

5. Venue is proper in the Western District of Texas because the acts and omissions of which Plaintiffs complain occurred in the Western District. 28 U.S.C. §1402(b).

## ADMINISTRATIVE EXHAUSTION

6. The Plaintiffs have satisfied the administrative exhaustion requirements, to the extent necessary, to bring the claims asserted herein.

## FACTS

7. Unless otherwise indicated, all conduct of the Corps complained of herein was undertaken by presently unidentified employees of the Corps, all of whom, at all times material herein, were acting in the course and scope of their employment by the Corps.

8. The Corps operates and maintains Temple Lake Park in Bell County, Texas.

9. The Corps allows swimming and diving at the Park, including in an area called Arrowhead Point. Arrowhead Point is a popular swimming and diving spot with a boat dock.

10. Prior to the incident described herein, the Corps was well aware that Arrowhead Point was a popular swimming and diving spot for the public. Moreover, the Corps was aware that swimming and diving was occurring at, around, and off of the boat dock itself by the boat ramp at Arrowhead Point. The Corps was also aware of the potential for swimming and diving occurring in the area and indeed, that swimmers and divers had been injured in this area, and other areas, due to shallow water, objects in the water and other hazards including swimming and diving near active boats.

11. Despite this knowledge, the Corps failed to properly warn or prohibit swimming and diving from the boat dock. The Corps undertook to warn the public of hazards by posting a sign. However, the only signage in the specific area is so old and worn by the elements that it is unreadable and provides no warning at all. Upon information and belief this sign provided that there was to be no swimming and/or diving off of and around the boat dock. Thus, after the Corps' initial decision to undertake the duty to warn the public of the dangers of swimming and/or diving in the area, it failed to use reasonable care to perform the warnings adequately. The complete deterioration of the warning sign is a subsequent change in condition which the Corps was uniquely positioned to understand and act upon. In fact upon information in belief, there are signs posted in other areas nearby the incident in question which are in fact in good, legible condition.

12. In the early fall of 2018, the water level at Belton Lake and specifically at Arrowhead Point was low. The Corps had full knowledge of the very low water level and that member s of the public have been and had been swimming and diving off of the boat dock. Despite this knowledge, the only sign warning the public of the dangers in the boat dock area was the unreadable sign described above.

13. Edwin Muñoz is currently 29 years old. On September 28, 2018, Edwin was at Arrowhead Point (where he had gone many times previously) with friends when he dove head-first into Belton Lake from the end of the boat dock. In the process, Edwin suffered a C5-6 spinal cord injury resulting in tetraplegia, which persists to this day.

14. Edwin's mother, Rosa has had to quit her job to help care for him. In addition, Edwin has had to move into Rosa's home so that she may take care of him.

15. As a result of the Corps failure to warn as described herein, Edwin has incurred actual damages for: (1) past and future medical expenses; (2) past and future physician pain and suffering; (3) past and future mental anguish; (4) permanent cervical injuries causing quadriplegia, extensive physical and psychological impairment, incapacity and disability; (5) past and future physical disfigurement and physical impairment; (6) pecuniary damages, including loss of earnings and earning capacity and the ability to conduct household tasks and other aspects of personal care and services. In addition, Rosa has incurred actual damages for consortium and economic damages.

## CAUSES OF ACTION

A. **Federal Tort Claims Act.**

16. Plaintiffs re-allege and incorporates paragraphs 1 through 15 herein.

17. Pursuant to the Federal Tort Claims Act, 28 U.S.C. §2675, the United States is liable to the same extent that a person would be liable for similar conduct under the laws of the state where the acts occurred. Thus, the Corps is liable for its acts and omissions with respect to the operation and maintenance of Temple Lake Park, and in particular, Arrowhead Point, to the same extent that a private person would be liable under Texas law.

18. The Texas Civil Practice & Remedies Code §75.002(c) provides that an owner, lessee, or occupant of real property who gives permission for persons to enter the property for recreation owes to such person the same duty as that owed to trespassers. Texas case law holds that the duty owed to a trespasser is to refrain from committing gross negligence. See *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 933 (Tex. Civ. App. – Corpus Christi 1981, writ ref'd n.r.e.).

19. Pursuant to §41.001(11)(A) & (B), gross negligence is an act or omission: (A) which when viewed objectively form the standpoint of the actor at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others.

20. Thus, under Texas law, the Corps owed Edwin a duty to refrain from conduct which, when viewed objectively at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and of which the Corps had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

21. Further, under Texas law, especially once the Corps undertook to warn the public of the dangers of swimming/diving, it had the duty to adequately warn of the condition or to exercise reasonable care in warning the public and to eliminate the danger or to otherwise protect him. The knowledge of divers and swimmers in the shallow boating area constitutes a condition as to which the Corps owed a duty to adequately warn or to exercise reasonable care to eliminate or otherwise protect Edwin.

22. The Corps had actual knowledge that: (1) Arrowhead Point was a popular swimming and diving spot for the public; (2) that swimming and diving occurred at, around and off of the boat dock itself by the boat ramp; (3) that there was a potential for injuries due to swimming and diving in this area and indeed, that swimmers and divers had been injured previously in this area and other areas due to shallow water and objects in the water; (4) that diving in the shallow water presented an unreasonable risk of death or serious bodily harm to swimmers in the shallow waters of Arrowhead Lake; and (5) that these dangers had been recognized by the Corps since they undertook the duty to warn by posting a sign that upon information and belief, used to say loading and unloading only, "no swimming" that then became unreadable and was never replaced.

23. Nonetheless, despite this actual awareness of extreme risk, the Corps acted with conscious indifference to this risk by:

- Failing to warn swimmers and divers that the boat dock was not to be used for swimming or diving;

- Failing to warn swimmers and divers that the water was too shallow to dive;

- Failing to warn swimmers and divers that the area was not safe for swimming due to the presence of unknown and foreign objects in the water; and

- Failing to use reasonable care to adequately maintain the warning sign that the Corps posted in the area.

24. This conduct violated the standards of care owed to Edwin and constitutes actionable negligence and gross negligence under Texas law that proximately caused the Plaintiffs' damages. Therefore, pursuant to Federal Tort Claims Act, 28 U.S.C. §§2671, *et seq.*, the Government is liable to Plaintiffs for all of the above-described damages.

## DAMAGES

25. As a direct and proximate result of the negligent conduct described herein, Plaintiff Edwin Muñoz has incurred the following actual damages:

    a. Past and future medical expenses;

    b. Past and future physician pain and suffering;

    c. Past and future mental anguish;

    d. Permanent cervical injuries causing quadriplegia, extensive physical and psychological impairment, incapacity and disability;

    e. Past and future physical disfigurement and physical impairment;

    f. Pecuniary damages, including loss of earnings and earning capacity and the ability to conduct household tasks and other aspects of personal care and services.

26. As a direct and proximate result of the negligent conduct described herein, Rosa Muñoz has incurred the following actual damages:

    a. Consortium; and,

    b. Economic damages;

## PRE-JUDGMENT INTEREST

27. Plaintiffs seek to recover pre-judgment interest as provided by law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon final trial, Plaintiffs have and recover of and from Defendant, judgment for actual damages as alleged, with pre-judgment and post-judgment interest, and for costs of suit and such other and further relief to which Plaintiffs are justly entitled to receive.

Respectfully submitted,

*/s/ Robert L. Chaiken*
Robert L. Chaiken
State Bar No. 04057830
rchaiken@chaikenlaw.com
Attorney-in-Charge
Carrie P. Kitner
State Bar No. 24074921
ckitner@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
5717 Legacy Dr., Suite 250
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

**ATTORNEYS FOR PLAINTIFFS**